IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FRANCISCO FABIAN**                                                                              **PETITIONER**

**V.**                                         **CIVIL ACTION NO. 3:16CV842 HTW-LRA**

**WARDEN LARRY SHULTS**[1]                                                  **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Francisco Fabian's petition for relief under 28 U.S.C. § 2241. Fabian is incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, and seeks to utilize the savings clause of 28 U.S.C. § 2255(e) to challenge the legality of a sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Because sentencing challenges do not fall within the scope of the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed, with prejudice, for lack of jurisdiction.

Fabian pleaded guilty to conspiracy to distribute controlled substances, possession with the intent to distribute controlled substances, and using/carrying a firearm during a drug trafficking offense. He was sentenced to four terms of 120 months concurrently for the drug trafficking offenses, and 60 months imprisonment, to be served consecutively for the firearms offense pursuant to 18 U.S.C. § 924(c)(1). Fabian files the subject

---

[1] The proper respondent in habeas challenges is the custodian of the petitioner. 28 U.S.C. §§ 2242-2243. At the time of filing, Petitioner correctly named Respondent as the warden at FCC-Yazoo. Because he has since been replaced, his successor is automatically substituted. Fed. R. Civ. P. 25(d).

petition under 28 U.S.C. § 2241, seeking a reduction of his sentence based on the United States Supreme Court's decisions in *Johnson v. United States*, ⸺ U.S. ⸺, 135 S. Ct. 2551, 192 L.Ed. 2d 569 (2015), and *Beckles v. United States*, ⸺ U.S. ⸺ 137 S. Ct. 886, 197 L.Ed. 2d 145 (2017). At the time of filing, the Supreme Court in *Johnson* had struck down the residual clause in the Armed Career Criminal Act of 1984, § 924(e)(2)(b) ("ACCA")*,* but it had not yet considered whether *Johnson* invalidated the parallel provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2(a), as argued in *Beckles*. Liberally construed, Fabian based the instant petition on the presumption that the United States Supreme Court would find *Johnson* retroactively applicable to the Sentencing Guidelines. He requests that this Court grant him the authority to file a file a successive § 2255 petition to raise this claim.[2]

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yuseff*, 218 F. 3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence," and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted). However, if a petitioner can show that the § 2255 remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be

---

[2] The evidence of record indicates that Fabian filed two previous § 2255 petitions seeking a sentence reduction, both of which were denied by the sentencing court.

2

permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause. *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To make this showing, a petitioner must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena,* 243 F.3d 893 at 904.

Fabian makes no such showing here. He has not identified a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. Contrary to his assertions, neither *Johnson* nor *Beckles* provide a basis for invoking the savings clause. Unlike the petitioner in *Johnson*, Fabian was not sentenced pursuant to the residual clause of the ACCA, and in *Beckles,* the Supreme Court held that *Johnson* did not apply to petitioners sentenced under the sentencing guidelines. *Beckles*, 137 S.Ct. at 890.

Fabian does not challenge his underlying conviction, but the validity of his sentencing enhancement. However, the Fifth Circuit has "repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Vallery v. Johnson*, 2019 WL 4619745, at *1 (5th Cir. Sept. 23, 2019); *see also In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) ("a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241").

Fabian's claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden*. 911 F.2d 1111, 1113 (5th Cir. 1990)). Although his post-conviction challenges have been unsuccessful to date, the undersigned notes that Petitioner was granted leave to file a second or successive habeas petition by the Third Circuit on August 27, 2019. *In re Fabian v. United States,* No. 16-4004 (3rd Cir. Aug. 27, 2019).

Because Petitioner fails to make the requisite showing to bring his claims within the savings clause of § 2255(e), the undersigned recommends that the petition in this Court be dismissed with prejudice for lack of jurisdiction for the reasons stated.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December

1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 8, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
